QUESTION: Does Senate Joint Resolution 1061 proposing to amend s. 9(b), Art. VII, State Const., give specific taxing authority to the water management districts as constituted under s. 373.069(3), F. S.?
SUMMARY: If the amendment to s. 9(b), Art. VII, State Const., proposed by Senate Joint Resolution 1061, is approved by a vote of the electors in a special election to be held March 9, 1976, it will not give water management districts as constituted under s.373.069(3), F. S., as amended by Ch. 75-125, Laws of Florida, specific authority to levy ad valorem taxes. If adopted, the proposed amendment would limit the maximum millage which may be levied for water management purposes in the northwest portion of the state lying west of the line between ranges two and three east to 0.05 mill and for water management purposes for the remaining portions of the state to 1.0 mill. Your question must, in my opinion, be answered in the negative. Chapter 75-245, Laws of Florida, provides that Senate Joint Resolution 1061, "proposing the amending of Section 9 of Article VII of the State Constitution, to establish a limit on local taxes to be used for water management purposes," shall be submitted to the electors of Florida for approval or rejection in a special election to be held concurrent with the Presidential Preference Primary Election, March 9, 1976. The proposed amendment to s. 9(b), Art. VII, State Const., is indicated in italics: (b) Ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors who are the owners of freeholds therein not wholly exempt from taxation, shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills; for all municipal purposes, ten mills; for all school purposes, ten mills; for water management purposes for the northwest portion of the state lying west of the line between ranges two and three east, 0.05 mill; for water management purposes for the remaining portions of the state, 1.0 mill; and for all other special districts a millage authorized by law approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation. A county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes. Senate Joint Resolution 1061 does not propose any amendment to s. 9(a) of Art. VII, State Const., which provides the authorization for the Legislature to grant special districts ad valorem taxing power:
(a) Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes . . . . (Emphasis supplied.) In contrast to the ad valorem taxing authorization provisions of s. 9(a), Art. VII, State Const., s. 9(b), which Senate Joint Resolution 1061 proposes to amend, contains limitations on the exercise of ad valorem taxing powers by the various taxing powers. See AGO's 069-26, 069-71, and 075-160. Section 9(b), Art. VII, State Const., has been characterized as a "tax relief section," State ex rel. Dade County v. Dickinson, 230 So.2d 130, 134 (Fla. 1969), because it contains limits on the maximum millage which can be levied for the various designated purposes. Therefore, it is my opinion that if the proposed amendment to s. 9(b), Art. VII, State Const., is approved, it will not give specific taxing authority to the water management districts as constituted under s. 373.069(3), F. S., as amended by Ch. 75-125, Laws of Florida; rather, it will limit the ad valorem taxes which may have otherwise been authorized by law to be levied for water management purposes for the northwest portion of the state lying west of the line between ranges two and three east, [to] 0.05 mill; [and] for water management purposes for the remaining portions of the state, [to] 1.0 mill . . . .